IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM W. RAMSEY, JR., | ) | Civil No. 20-00215 JMS-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | ENTRY OF DEFAULT JUDGMENT |
| STATE OF HAWAII, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

On August 20, 2020, Plaintiff William W. Ramsey, Jr. ("Plaintiff") filed a motion for entry of default judgment ("Motion") against Defendant State of Hawaii ("Defendant"). ECF No. 14. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Court FINDS AND RECOMMENDS that the district court DENY the Motion.

DISCUSSION

On May 8, 2020, Plaintiff filed his Complaint against Defendant, alleging that Defendant violated Plaintiff's civil rights. *See generally* ECF No. 1. On August 20, 2020, Plaintiff filed the instant Motion. Defendant has not yet

appeared in this case or responded to the Complaint. It appears that Plaintiff has not properly served the Complaint on Defendant.

Federal Rule of Civil Procedure 55 governs the process for entry of default and default judgment:

> (a) **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) **Entering a Default Judgment.**
>
> > (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. . . .

Fed. R. Civ. P. 55(a)-(b). The Ninth Circuit Court of Appeals has explained Rule 55 as requiring a "two-step process" consisting of: (1) seeking the clerk's entry of default; and (2) filing a motion for entry of default judgment. *See Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting the "two-step process of 'Entering a Default' and 'Entering a Default Judgment'"); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55.").

2

Plaintiff has not sought entry of default against Defendant, and the Clerk of Court has not entered default against Defendant. The Court thus finds that Plaintiff has not complied with the first step of the two-step process under Rule 55. The Court thus recommends that the district court deny the Motion.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY the Motion. The Court further recommends that such denial be WITHOUT PREJUDICE to the re-filing of a new motion for entry of default judgment that complies with Rule 55.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 2, 2020.

Kenneth J. Mansfield
United States Magistrate Judge

*Ramsey v. State of Haw.*, Civil No. 20-00215 JMS-KJM; Findings and Recommendation to Deny Plaintiff's Motion for Entry of Default Judgment